**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re:                                              :
                                                                        : Chapter 11
4D FACTORY, INC., *et al.*,[1]                      : (Subchapter V)
                                                                         : Case No. 23-11618 (MEW)
                         Debtors.              : (Jointly Administered)
---------------------------------------------------------------------x
THE 4D FACTORY LLC,                                 :
                            Plaintiff,            :
v.                                                  : Adv. Proceeding No. 24-01319
                                                                          :
MARK LONG, *et al.*,                                : **STIPULATION AND [PROPOSED]**
                            Defendants,           : **ORDER STAYING ADVERSARY**
                                                                          : **PROCEEDING**
and                                                 :
NEON MACHINE, INC., *et al.*,                       :
                     Nominal Defendants.   :
---------------------------------------------------------------------:
AND ALL RELATED CONSOLIDATED ACTIONS                :
---------------------------------------------------------------------x

       This stipulation, agreement and order (the "Stipulation") is entered into by Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, Mark Yeend (collectively, the "Delaware Plaintiffs"); Calvin Zhou; Polychain Ventures II LP and Polychain Ventures II (Parallel) LP (collectively, "Polychain"); Griffin Gaming Partners II, L.P. and Griffin Gaming Partners II Side Fund, L.P. (collectively, "Griffin"); Pierre-Edouard Planche, Benjamin Perszyk, and Josh Rosenthal (collectively, the "Fund Directors," and together with the Delaware Plaintiffs,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC (8935).

Calvin Zhou, Polychain, and Griffin, the "Neon Parties"); The 4D Factory LLC (the "Debtor");[2] and Cort Javarone, Scott Honour, and Steve Horowitz (together, the "Delaware Defendants," and collectively with the Debtor and the Neon Parties, the "Parties" and each a "Party"). Subject to this Court's approval (*see, e.g., Citibank, N.A. v. Revlon, Inc., et al.,* Adv. No. 22-01134 (DSJ) (Bankr. S.D.N.Y. Sept. 13, 2022), Dkt. No. 13 (approving stipulation and order to stay proceedings); *In re Garrett Motion Inc., et al. v. Honeywell Int'l Inc. et al.*, Adv. No. 20-1223 (MEW) (Bankr. S.D.N.Y. Jan. 15, 2021), Dkt. No. 36 (same)), the Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, the Parties previously entered into a stipulation agreeing to various deadlines in the above-captioned adversary proceeding (the "Adversary Proceeding"), which was so-ordered by this Court, *see* [Adv. ECF No. 7];

WHEREAS, the Parties entered into an additional stipulation amending certain deadlines in the Adversary Proceeding while the Parties discussed a potential consensual resolution of the issue of Network Launch, which stipulation was so-ordered by this Court, *see* [Adv. ECF No. 25] (collectively with Adv. ECF No. 7, the "Scheduling Stipulations");

WHEREAS, the Parties are pleased to have reached a consensual resolution in principle regarding the issue of Network Launch and certain related matters;

WHEREAS, to facilitate finalizing the Parties' agreement in principle and further discussions that could lead to resolution of one or more claims, asserted claims, or resolution of the Adversary Proceeding in its entirety, the Parties wish to stay certain deadlines in the Adversary Proceeding, including those so-ordered by the foregoing stipulations;

---

[2] References to the Debtors are to the Debtor and 4D Factory, Inc., collectively.

WHEREAS, a stay of the Adversary Proceeding will conserve the Parties' and the Court's resources and avoid potentially unnecessary litigation; and,

WHEREAS, the Parties agree that a stay of all proceedings and deadlines, including discovery, in the Adversary Proceeding is appropriate to foster discussions that may lead to further consensual resolutions regarding the claims brought in the Adversary Proceeding;

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGEND, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1. The Parties hereby stipulate to a stay of the Adversary Proceeding (the "Stay") and all deadlines therein, including those in the Scheduling Stipulations, until the earlier of April 30, 2024 or the filing of a notice by any Party that it seeks to lift the stay (a "Lift Stay Notice").

2. The pre-trial conference scheduled to be held on May 7, 2024 is not stayed and shall remain on the Court's calendar.

3. A Party may only file a Lift Stay Notice after attempting in good faith to meet and confer with the Parties to this Stipulation to agree on a further amended schedule for litigating the claims in the Adversary Proceeding.

4. Any Lift Stay Notice shall include a certification of counsel that the filing Party attempted in good faith to meet and confer with the Parties to this Stipulation regarding a consensual amended schedule for litigating the claims in the Adversary Proceeding.

5. By the earlier of the first business day following the filing of a Lift Stay Notice or May 1, 2024, the Parties shall file (a) a proposed order and (i) amended scheduling stipulation or

(ii) stipulation extending the Stay, or (b) proposed litigation schedules for the Court's consideration and approval.

6. The Parties further stipulate and agree that nothing herein shall be deemed a waiver of any rights, defenses, or arguments by the Parties.

**IN WITNESS WHEREOF**, this Stipulation has been executed and delivered as of the day and year first below written.

[*Remainder of Page Intentionally Left Blank.*]

Dated: April 19, 2024

By: */s/ Nicholas A. Bassett*
Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C. 20036
Telephone: (202) 551-1902
Email: nicholasbassett@paulhastings.com

Justin Rawlins
Edward Han
Timothy D. Reynolds
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, 27th Floor
Century City, California 90067
Telephone:    (310) 620-5700
Email: justinrawlins@paulhastings.com
         edwardhan@paulhastings.com
         timothyreynolds@paulhastings.com

*Counsel to Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, Mark Yeend, Calvin Zhou, Pierre-Edouard Planche, Benjamin Perszyk, Josh Rosenthal*, *Polychain Ventures II LP, Polychain Ventures II (Parallel) LP, Griffin Gaming Partners II, L.P., and Griffin Gaming Partners II Side Fund, L.P.*

By: */s/ Nick R. Lawson*
Nick R. Lawson
Avi Moshenberg
**LAWSON & MOSHENBERG PLLC**
Telephone: (713) 449-9644
Email: nick.lawson@lmbusinesslaw.com
avi.moshenberg@lmbusinesslaw.com

*Counsel for The 4D Factory, LLC, Cort Javarone, Scott Honour, Steve Horowitz, and Neon Media LLC*

**SO ORDERED**
Dated: April __, 2024
      New York, New York

                                                _____
                                                THE HONORABLE MICHAEL E. WILES
                                                UNITED STATES BANKRUPTCY JUDGE