UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In re:

4D FACTORY, INC., et al.,

                                    Debtors.[1]

Chapter 11
(Subchapter V)
Case No.: 23-11618 (MEW)
(Jointly Administered)

------------------------------------------------------------------X

THE 4D FACTORY LLC,

                       Plaintiff,

    -against-

MARK LONG, COLIN FORAN,
NAOMI LACKAFF, AARON NONIS,
DON NORBURY, MARK YEEND,
CALVIN ZHOU, GRIFFIN GAMING
PARTNERS II, L.P., GRIFFIN GAMING
PARTNERS II SIDE FUND, L.P., POLYCHAIN
VENTURES II LP, POLYCHAIN VENTURES II
(PARALLEL) LP, PIERRE-EDUOARD
PLANCHE, BENJAMIN PERSZYK,
JOSH ROSENTHAL,

                       Defendants,
       and

NEON MACHINE, INC., ARGON PROTOCOL
FOUNDATION, ARGON ASSET VENTURES
CORP.

                   Nominal Defendants.

Adv. Pro. No. 24-01319 (MEW)

------------------------------------------------------------------X

GRIFFIN GAMING PARTNERS II, L.P., GRIFFIN
GAMING PARTNERS II SIDE FUND, L.P.,
POLYCHAIN VENTURES II LP, POLYCHAIN
VENTURES II (PARALLEL) LP,

                   Counterclaim-Plaintiffs,

v.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC (8935).

THE 4D FACTORY LLC,

                Counterclaim-Defendant.

------------------------------------------------------------------------X

GRIFFIN GAMING PARTNERS II, L.P., GRIFFIN GAMING PARTNERS II SIDE FUND, L.P., POLYCHAIN VENTURES II LP, POLYCHAIN VENTURES II (PARALLEL) LP,

                Third-Party Plaintiffs,

v.

CORT JAVARONE, SCOTT HONOUR, and STEVE HOROWITZ,

                Third-Party Defendants.

------------------------------------------------------------------------X

## ORDER GRANTING MOTION AND APPROVING THE DEBTORS AND NEON PARTIES' LIMITED AGREEMENT OVER NETWORK LAUNCH

Upon the motion (the "Motion") of 4D Factory, Inc., and The 4D Factory LLC ("4D LLC" and with 4D Factory, Inc., the "Debtors") requesting entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the agreement attached to the Motion as **Exhibit A** (the "Agreement[2]"); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided, with such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and there being no objection to the relief sought in the Motion; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED to the extent set forth herein.

    2.    Pursuant to Bankruptcy Rule 9019, the Agreement is approved in all respects and the Parties are authorized to take all steps to effectuate and consummate the Agreement.

---

[2] Unless otherwise defined herein, capitalized terms herein shall have the same meaning as set forth in the Motion.

3. The settlements and compromises by the Parties within the Agreement are fully incorporated herein, and all its provisions are approved.

4. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

5. Following the date of this Order and until otherwise ordered by the Court or upon resolution of the Adversary Proceeding, Debtors, through 4D LLC's representative on the Board of Directors of Neon Machine, and Debtors' bankruptcy counsel, must be provided written notice by email (4D LLC Director (TBD); Avi Moshenberg (avi.moshenberg@lmbusinesslaw.com); Nick Lawson (nick.lawson@lmbusinesslaw.com); and Robert Spence (rspence@spencelawpc.com)) at least seven (7) calendar days before any party to the Adversary Proceeding, including nominal parties, effectuates the transfer, in any single transfer or cumulative series of transfers, which would leave less than 480 million SHRAP tokens available for distribution, so that Debtors may have an opportunity to seek relief from this Court.

6. If notice is provided to the Debtors pursuant to paragraph 5, the Debtors will notify the Subchapter V trustee in writing by email (Charles N. Persing (cpersing@Bederson.com)) within one (1) business day of receipt of the email in the preceding paragraph.

7. For the avoidance of doubt, the release of the 16 million tokens to Cort Javarone under the Agreement and the approval of such Agreement by the Court under this Order is without prejudice to the rights of the Debtors, the Debtors' estates, and MEP Capital Holdings III, LP. All such rights are reserved.

8. The automatic stay is modified to allow for the conversion of Neon Machine SAFEs to preferred shares, and the use of Neon preferred or common stock to elect new directors and/or to cause the appointment of a new CEO pursuant to the Agreement and the applicable corporate governance documents. This provision supersedes the terms of paragraph 3 of the Order of this Court dated December 26, 2023.

9.  This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the Agreement and this or any other order of this Court entered in this bankruptcy case, including without limitation, all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and the Agreement.

New York, New York
May 13, 2024

                                          **s/Michael E. Wiles**
                                          UNITED STATES BANKRUPTCY JUDGE