**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
In re:

4D FACTORY, INC., et al.,

                                             Debtors.[1]

Chapter 11
(Subchapter V)
Case No.: 23-11618 (MEW)
(Jointly Administered)

------------------------------------------------------------------X
THE 4D FACTORY LLC,

                Plaintiff,
    -against-

MARK LONG, COLIN FORAN,
NAOMI LACKAFF, AARON NONIS,
DON NORBURY, MARK YEEND,
CALVIN ZHOU, GRIFFIN GAMING
PARTNERS II, L.P., GRIFFIN GAMING
PARTNERS II SIDE FUND, L.P., POLYCHAIN
VENTURES II LP, POLYCHAIN VENTURES II
(PARALLEL) LP, PIERRE-EDUOARD
PLANCHE, BENJAMIN PERSZYK,
JOSH ROSENTHAL,

                Defendants,
      and

NEON MACHINE, INC., ARGON PROTOCOL
FOUNDATION, ARGON ASSET VENTURES
CORP.

               Nominal Defendants.

Adv. Pro. No. 24-01319 (MEW)

------------------------------------------------------------------X
GRIFFIN GAMING PARTNERS II, L.P., GRIFFIN
GAMING PARTNERS II SIDE FUND, L.P.,
POLYCHAIN VENTURES II LP, POLYCHAIN
VENTURES II (PARALLEL) LP,

                Counterclaim-Plaintiffs, v.

THE 4D FACTORY LLC,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC (8935).

          Counterclaim-Defendant.
------------------------------------------------------------------------X
GRIFFIN GAMING PARTNERS II, L.P., GRIFFIN
GAMING PARTNERS II SIDE FUND, L.P.,
POLYCHAIN VENTURES II LP, POLYCHAIN
VENTURES II (PARALLEL) LP,

         Third-Party Plaintiffs,

v.

CORT JAVARONE, SCOTT HONOUR, and STEVE
HOROWITZ,
         Third-Party Defendants.
------------------------------------------------------------------------X

## ORDER GRANTING MOTION AND AUTHORIZING THE 4D FACTORY LLC TO ENTER INTO AGREEMENT WITH MEP CAPITAL HOLDINGS III, LP and CORT JAVARONE

  Upon the motion (the "Motion") of 4D Factory, Inc., and The 4D Factory LLC (the "Debtors") requesting entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the agreement attached to the Motion as **Exhibit A** (the "MEP Agreement[2]"); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided, with such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and there being no objection to the relief sought in the Motion; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

  1.  The Motion is GRANTED to the extent set forth herein.

  2.  Pursuant to Bankruptcy Rule 9019, the MEP Agreement is approved in all respects and the Parties are authorized to take all steps to effectuate and consummate the MEP Agreement.

---

[2] Unless otherwise defined herein, capitalized terms herein shall have the same meaning as set forth in the Motion.

3. The settlements and compromises by the Parties within the MEP Agreement are fully incorporated herein, and all its provisions are approved.

4. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

5. For the avoidance of doubt, the release of the 16 million tokens to Cort Javarone in connection with the approval of the MEP Agreement by the Court under this Order, and the related relief granted by this Court regarding a partial settlement in the above Adversary Proceeding authorizing the release of tokens to Mr. Javarone, are without prejudice to the rights of the Debtors, the Debtors' estates, and MEP Capital Holdings III, LP. All such rights are reserved.

6. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the MEP Agreement and this or any other order of this Court entered in this bankruptcy case, including without limitation, all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and the MEP Agreement.

New York, New York
May 13, 2024

s/Michael E. Wiles
UNITED STATES BANKRUPTCY JUDGE