**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re:                                                            :
                                                                  :  Chapter 11
4D FACTORY, INC., *et al.*,[1]                                    :  (Subchapter V)
                                                                  :  Case No. 23-11618 (MEW)
                    Debtors.                  :  (Jointly Administered)
                                                                  :
------------------------------------------------------------------x
THE 4D FACTORY LLC,                                               :
                                                                  :
                    Plaintiff,                :
v.                                                                :  Adv. Proceeding No. 24-01319
                                                                  :
MARK LONG, COLIN FORAN, NAOMI LACKAFF,                            :  **AMENDED STIPULATION AND**
AARON NONIS, DON NORBURY, MARK YEEND,                             :  **[PROPOSED] SCHEDULING ORDER**
CALVIN ZHOU, GRIFFIN GAMING                                       :
PARTNERS II, L.P., GRIFFIN GAMING                                 :
PARTNERS II SIDE FUND, L.P., POLYCHAIN                            :
VENTURES II LP, POLYCHAIN VENTURES II                             :
(PARALLEL) LP, PIERRE-EDOUARD                                     :
PLANCHE, BENJAMIN PERSZYK,                                        :
JOSH ROSENTHAL,                                                   :
                                                                  :
                  Defendants,               :
                                                                  :
and                                                               :
                                                                  :
NEON MACHINE, INC., ARGON PROTOCOL                                :
FOUNDATION, ARGON ASSET VENTURES                                  :
CORP.,                                                            :
                                                                  :
                  Nominal Defendants.       :
------------------------------------------------------------------x
GRIFFIN GAMING PARTNERS II, L.P., GRIFFIN
GAMING PARTNERS II SIDE FUND, L.P.,
POLYCHAIN VENTURES II LP, POLYCHAIN
VENTURES II (PARALLEL) LP,

                  Counterclaim-Plaintiffs, v.

THE 4D FACTORY LLC,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC (8935).

1

                         Counterclaim-Defendant.
-----------------------------------------------------------------------X
GRIFFIN GAMING PARTNERS II, L.P., GRIFFIN
GAMING PARTNERS II SIDE FUND, L.P.,
POLYCHAIN VENTURES II LP, POLYCHAIN
VENTURES II (PARALLEL) LP,

                         Third-Party Plaintiffs,

v.

CORT JAVARONE, SCOTT HONOUR, and STEVE
HOROWITZ,
                         Third-Party Defendants.
-----------------------------------------------------------------------X

This amended stipulation, agreement and order (the "Stipulation") is entered into by Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, Mark Yeend (collectively, the "Delaware Plaintiffs"); Calvin Zhou; Polychain Ventures II LP and Polychain Ventures II (Parallel) LP (collectively, "Polychain"); Griffin Gaming Partners II, L.P. and Griffin Gaming Partners II Side Fund, L.P. (collectively, "Griffin,"); Pierre-Edouard Planche, Benjamin Perszyk, and Josh Rosenthal (collectively, the "Newly Named Individual Defendants"); The 4D Factory LLC (the "Debtor");[2] and Cort Javarone, Scott Honour, and Steve Horowitz (together, the "Delaware Defendants," and collectively with the Debtor, the Delaware Plaintiffs, Calvin Zhou, Polychain, Griffin, and the Newly Named Individual Defendants, the "Parties" and each a "Party"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on November 27, 2023, the Delaware Plaintiffs filed an action against the Delaware Defendants and Neon Machine, Inc., as a nominal defendant, in the Court of Chancery

---

[2] References to the Debtors are to the Debtor and 4D Factory, Inc., collectively.

of the State of Delaware (the "Delaware Action" before the "Delaware Court").

WHEREAS, on January 4, 2024, the Delaware Defendants filed an Answer and Affirmative Defenses in the Delaware Action.

WHEREAS, on February 22, 2024, the Court held a conference with the Parties regarding, among other things, the Delaware Action, the Parties' various disputes, and the Parties' willingness to undertake consolidated litigation before the Court as offered by the Court. The Parties agreed that it was their preference that their disputes be decided by the Court. During the conference, the Debtor indicated it would be filing an Adversary Proceeding that same day that may also be amenable to resolution in connection with any consolidated litigation. The Court went on to instruct the Parties to confer as to consolidating the Delaware Action and any to-be-filed claims before the Court and to agree upon a schedule to resolve such claims based on the Court's February 15, 2024 offer. The Debtor filed its *Complaint* (as may be amended, the "*Complaint*") [Adv. ECF No. 1][3] later that day, and on March 14, 2024, filed its amended *Complaint*, asserting claims against the Delaware Plaintiffs, Calvin Zhou, Griffin, Polychain, and the Newly Named Individual Defendants, as well as Neon Machine, Inc., Argon Protocol Foundation, and Argon Asset Ventures Corp., as nominal defendants (collectively, the "Neon Machine Parties").

WHEREAS, on April 9, 2024, consistent with the agreement to bring all issues currently being litigated in Delaware before this Court, the Delaware Plaintiffs and the Delaware Defendants stipulated to dismiss without prejudice the Delaware Action.

WHEREAS, on March 22, 2024, the Court entered a *Stipulation and Scheduling Order* [Adv. ECF No. 7], which provided, among others, that on or before March 26, 2024 the Parties

---

[3] References to Adv. ECF No. are to the above-captioned Adversary Proceeding.

would file any claims against each other, and such claims would be consolidated for the purpose of discovery and trial in this Adversary Proceeding.

WHEREAS, on March 26, 2024, (i) Griffin and Polychain asserted claims against the Delaware Defendants and the Debtor in a combined Third-Party Complaint and Counterclaim (the "Investors' Complaint"); and (ii) the Delaware Plaintiffs and Calvin Zhou filed claims against the Delaware Defendants and the Debtor in a combined Third-Party Complaint and Counterclaim (the "Founders' Complaint").

WHEREAS, on March 29, 2024, Delaware Plaintiffs and Calvin Zhou filed a motion to dismiss (the "MTD") the Complaint.

WHEREAS, on April 15, 2024, the Parties entered into a stipulation amending certain deadlines in the Adversary Proceeding while the Parties discussed a potential consensual resolution of the issue of Network Launch, which stipulation was so-ordered by this Court, see [Adv. ECF No. 25];

WHEREAS, on April 22, 2024, after reaching a consensual resolution in principle regarding the issue of Network Launch and certain related matters, and in order to effectuate the agreement in principle, the Parties entered a third stipulation staying the Adversary Proceeding and all deadlines therein, including deadlines related to discovery, until the earlier of April 30, 2024 or the filing of a notice by any Party that it seeks to lift the stay, see [Adv. ECF No. 28] (collectively with Adv. ECF Nos. 7 and 25, the "Scheduling Stipulations");

WHEREAS, on April 26, 2024, the Debtors filed a *Motion for an Order Authorizing the Debtors and Neon Parties' Limited Agreement Over Network Launch* [ECF No. 94] (as amended at ECF No. 95, the "9019 Motion"), reflecting a consensual resolution between the Parties, and a

*Motion to Schedule Expedited Hearing and Shorten Notice for Motion for an Order Authorizing the Debtors and Neon Parties' Limited Agreement Over Network Launch* [ECF No. 96];

WHEREAS, on May 3, 2024, the Court approved a further *Stipulation and Order Further Staying Adversary Proceeding* [Adv. ECF No. 33];

WHEREAS, on May 13, 2024, the Court entered an *Order Granting Motion and Approving the Debtors and Neon Parties' Limited Agreement Over Network Launch* [Adv. ECF No. 37], granting the 9019 Motion;

WHEREAS, on May22, 2024, the Court approved a further Stipulation and Order Further Staying Adversary Proceeding [Adv. ECF No. 40];

WHEREAS, the Parties consent to (a) the Court's jurisdiction to decide their disputes and (b) entry of a final order or judgment resolving such disputes.

WHEREAS, the Parties have conferred regarding how the Parties may present their claims within the above-captioned Adversary Proceeding and a scheduling order for litigating such claims, and,

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGEND, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

Pursuant to Fed. R. Bankr. P. 7016 and 7026,

1. On or before August 7, 2024, The 4D Factory LLC, and Cort Javarone, Scott Honour, Steve Horowitz, and Neon Media LLC shall provide a draft of any proposed Second Amended Complaint or other amended pleading, to the Neon Machine Parties.

2.	Any motion to amend pleadings or to join additional parties shall be filed no later than August 9, 2024, and any such motion shall include, affixed thereto, a copy of any proposed amended pleading. Oppositions, if any, to a motion to amend pleading or to join additional parties shall be filed no later than August 23, 2024. Replies in support of such a motion shall be filed on or before August 30, 2024. The Court shall hold a hearing on all such motions, if any, on _____.

3.	With respect to the foregoing paragraph 2, to the extent the Court grants, *in part*, leave to amend, the movant(s) that sought such leave shall file its amended pleading within three (3) business days of entry of an order granting *in part* such motion. By the later of (a) twenty-one (21) days after the filing of an amended pleading as provided in the previous sentence, or (b) twenty-one (21) days after entry of an order granting (*in full*) any motion for leave to amend, any defendant named in such an amended complaint shall file a responsive pleading thereto.

4.	The deadline to file a responsive pleading to (a) any complaint filed on or before August 9, 2024, by Cort Javarone, Scott Honour, Steve Horowitz, and/or Neon Media LLC, and (b) the Investors' Complaint and the Founders' Complaint (each filed March 26, 2024), to the extent leave to amend such complaints is not sought, shall be the same date as the responsive pleading deadline provided in the foregoing paragraph 3, such that all responsive pleadings to all operative complaints filed by the Parties shall be filed and resolved by the Court concurrently.

5.	On September 9, 2024, the Parties shall exchange Initial Disclosures and are permitted to serve written discovery. All written discovery previously served by any Party is hereby withdrawn.

6.	On or before November 1, 2024, the Parties shall substantially complete document productions.

7. The Court, subject to its availability, will hold an initial pretrial conference during the week of December 2, 2024.

8. By December 13, 2024, the Parties shall complete (a) depositions of all fact witnesses and (b) all written fact discovery.

9. Initial expert reports, if any, shall be exchanged by the Parties on or before January 3, 2025, and rebuttal expert reports limited to responding to issues raised in an initial expert report, if any, shall be exchanged by the Parties on or before January 17, 2025.

10. On January 24, 2025, the Parties shall exchange, on a preliminary basis, lists of all trial declarants and witnesses they intend to present.

11. Expert discovery, including depositions of Experts, if any, shall be completed by January 31, 2025.

12. The Parties are to conduct discovery in all respects in accordance with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Local Rules").  The discovery deadlines provided in the foregoing paragraphs six through twelve may be amended upon written agreement of the Parties, without leave of the Court.

13. In the event of a dispute over discovery, the Parties' counsel shall promptly confer to attempt in good faith to resolve the dispute.  If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference.  The Court will endeavor to resolve the dispute without the filing of any discovery motions.

14. The requirements of Local Bankruptcy Rule 7056-1(a) are waived, and any Party may move for summary judgment under Fed. R. Bankr. P. 7056 on or any time before February 21, 2025.

15. Nothing herein shall result in any waiver or relinquishment of, or otherwise affect, any argument that a Neon Machine Party may raise in response to any amended complaint filed by The 4D Factory LLC or any claims filed by Cort Javarone, Scott Honour, Steve Horowitz, and/or Neon Media LLC.

16. On or before March 14, 2025, the Parties shall submit a Joint Pretrial Order prepared in accordance with the Court's individual rules and practices. The Parties shall file briefs and submit proposed findings of fact and conclusions of law contemporaneous with the filing of the Joint Pretrial Order. Motions in limine ordinarily must be filed at least fourteen days before trial, with responses due seven days before trial.

17. The Court will hold a final pretrial conference on **March** _____ at which a trial date during the week of March _____ through April _____ will be set. The Parties should be prepared to proceed to trial within two weeks after the final pretrial conference.

**IN WITNESS WHEREOF**, this Stipulation has been executed and delivered as of the day and year first below written.

[*Remainder of Page Intentionally Left Blank.*]

Dated: August 2, 2024

By: *Nicholas A. Bassett*
Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C. 20036
Telephone:    (202) 551-1902
Email:  nicholasbassett@paulhastings.com

Justin Rawlins
Edward Han
Timothy D. Reynolds
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, 27th Floor
Century City, California 90067
Telephone:    (310) 620-5700
Facsimile:    (310) 620-5899
Email:  justinrawlins@paulhastings.com
          edwardhan@paulhastings.com
          timothyreynolds@paulhastings.com

*Counsel to Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, Mark Yeend, Calvin Zhou, Pierre-Edouard Planche, Benjamin Perszyk, Josh Rosenthal, Polychain Ventures II LP, Polychain Ventures II (Parallel) LP, Griffin Gaming Partners II, L.P., and Griffin Gaming Partners II Side Fund, L.P.*

By:    *Avi Moshenberg*
Nick R. Lawson
Avi Moshenberg
**LAWSON & MOSHENBERG PLLC**
Telephone: (713) 449-9644
Email: nick.lawson@lmbusinesslaw.com
avi.moshenberg@lmbusinesslaw.com

*Counsel for The 4D Factory, LLC, Cort Javarone, Scott Honour, Steve Horowitz, and Neon Media LLC*

**SPENCE LAW OFFICE, P.C.**
*Attorneys for Debtors*

By:       *Robert J. Spence*
Robert J. Spence, Esq.
55 Lumber Road, Suite 5
Roslyn, New York 11576
Tel.: (516) 336-2060

9

**SO ORDERED**
Dated: August __, 2024
      New York, New York

                                                 _____
                                                 THE HONORABLE MICHAEL E. WILES
                                                 UNITED STATES BANKRUPTCY JUDGE