**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

In re:

4D FACTORY, INC., et al.,

                                Debtors.[1]

Chapter 11
(Subchapter V)
Case No.: 23-11618 (MEW)
(Jointly Administered)

-------------------------------------------------------------------X

THE 4D FACTORY LLC and
NEON MEDIA LLC,

                        Plaintiffs,

-against-

MARK LONG, COLIN FORAN,
NAOMI LACKAFF, AARON NONIS,
DON NORBURY, MARK YEEND,
CALVIN ZHOU, GRIFFIN GAMING
PARTNERS II, L.P., GRIFFIN GAMING
PARTNERS II SIDE FUND, L.P., POLYCHAIN
VENTURES II LP, POLYCHAIN VENTURES II
(PARALLEL) LP, PIERRE-EDUOARD
PLANCHE, BENJAMIN PERSZYK,
JOSH ROSENTHAL, ARGON PROTOCOL
FOUNDATION, ARGON ASSET VENTURES
CORP., and NEON MACHINE, INC.,

Adv. Pro. No. 24-01319 (MEW)

**PLAINTIFFS' MOTION TO AMEND UNDER F.R.C.P. 15, TO ASSERT COUNTERCLAIMS UNDER F.R.C.P. 13, AND FOR JOINDER UNDER F.R.C.P. 19 OR 20**

                    Defendants,
   and

CORT JAVARONE, SCOTT HONOUR,
AND STEVE HOROWITZ

                    Counterclaimants.
-------------------------------------------------------------------X

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC (8935).

1

Plaintiff, The 4D Factory LLC ("4D"), Counterclaimants Cort Javarone, Scott Honour, and Steve Horowitz (together "4D Board Claimants"), and Neon Media LLC (all together "4D Claimants") all seek leave from this Court to file amended, counter, and original claims in a Second-Amended Complaint.[2]

## SUMMARY OF ARGUMENTS & STANDARDS

This case is scheduled for trial in March. Ahead of that trial date, this Motion makes three requests: (1) 4D seeks to permission to amend its complaint timely under F.R.C.P.[3] 15 to file a SAC largely in response to criticisms raised in F.R.C.P. 12 motions; (2) Javarone, Honour, and Horowitz seek to file compulsory counterclaims under F.R.C.P. 13; and (3) Neon Media LLC seeks to file claims as a necessary or permissive party in this Adversary Proceeding under F.R.C.P. 19 or 20.

The Court should decide that 4D may amend under Rule 15.[4] Rule 15 provides that: "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." Here Defendants oppose. So 4D must obtain the Court's leave to amend. And Rule 15 then provides that "[t]he court should freely give leave when justice so requires." Justice so requires here because—given the March trial setting—the motion is made timely, no Party is prejudiced, and the newly asserted claims deal with the same facts and circumstances as claims already raised in this Adversary Proceeding.

---

[2] The SAC is attached as Exhibit 1.

[3] The Federal Rules of Civil Procedure are referred to as "Rule" or "F.R.C.P."

[4] Rule 15 applies to this Adversary Proceeding by under Fed. Rule Bankr. Proc. 7015.

The Court should also permit Javarone, Honour, and Horowitz to assert counterclaims under Rule 13.[5] Rule 13 provides that "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party of the claim…arises out of the transaction or occurrence that is the subject matter of the opposing party's claim…" Here, Javarone, Honour, and Horowitz have been sued under various claims by Defendants, including breaches of fiduciary duty related to their investigation of activities divesting 4D of its interests in Neon Machine, Inc. As a result, Javarone, Honour, and Horowitz must raise counterclaims related to those facts. Including the claims they now assert that Defendants violated the automatic stay by acting to dilute 4D's (and their own) interests in Neon Machine, Inc.

And last, the Court should permit Neon Media LLC to bring claims in this Adversary Proceeding under Rule 19 and 20.[6] Rule 19 provides that a party is "required" if in its absence the court could not afford complete relief among the existing parties, or if the joining party claims an interest relating to the subject of the action such that adjudication in its absence would impede or impair their ability to protect their interests, or risk incurring inconsistent obligations. Here, Neon Media LLC seeks to rescind the transfer of Shrapnel IP—including the IP underlying the SHRAP tokens—to Neon Machine, Inc. The claims being litigated in this adversary arise from a series of related transactions where Neon Media's sale of IP played a central role, especially given that Neon Machine did not actually pay for that IP. Every other Party has claims related to the ownership of SHRAP Tokens—IP that was expressly among the rights transferred in the IP Sale Agreement from Neon Media to Neon Machine. They're therefore necessary to adjudicating every party's rights here.

---

[5] Rule 13 applies to this Adversary Proceeding under Fed. R. Bankr. Proc. 7013.
[6] Rules 19 and 20 apply under Fed. R. Bankr. Proc. 7019 and 7020.

3

**ARGUMENT**

This Court should allow the Second-Amended Complaint because adjudicating all the claims in one action will resolve the *Shrapnel* controversy altogether. This Court is best situated to decide these issues because it already exercises jurisdiction over the 4D bankruptcy. And the Parties are litigating these very facts and issues already. There's no reason to fracture the *Shrapnel* litigation into multiple adversary proceedings instead of fully adjudicating them in one action and one forum. If anything, fracturing the litigation risks incongruent results.

**A. 4D's amended claims involve the same causes of action.**

4D's amendment seeks to add claims for: (1) breach of contract against Neon Machine Inc.; (2) turnover against Neon Machine, Inc., Argon Protocol Foundation, and Argon Asset Ventures Corp; (3) promissory estoppel against Neon Machine; (4) conversion against Neon Machine, Inc., Argon Protocol Foundation, and Argon Asset Ventures Corp; (5) fraudulent transfer against the Manager Defendants; (6) stay violation against Neon Machine, Inc.; and (7) declaratory judgment against Mark Long. The Court should grant leave to amend because they involve the same facts as the claims already pleaded, and no party is prejudiced by their addition.

A plaintiff's ability to amend the complaint is governed by Rule 15 and 16 of the Federal Rules of Civil Procedure. Rule 15(a)(1) permits a plaintiff to amend pleadings once as of right without court permission. *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). After that, the plaintiff needs leave to amend, but leave should be freely granted under Rule 15(a)(2), unless the amendment results from undue delay, would result in undue prejudice to the other party, or would be futile. *Id*. The period of liberal amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. *Id*. After such a deadline, a plaintiff may only amend with good cause. *Id*.; *see Pristine Jewelers NY, Inc. v. Broner*, 492

4

F.Supp.3d 130, 131-32 (S.D.N.Y. 2020). This motion is filed before any such deadline, so the typical permissive standard of Rule 15(a) controls.

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This is a "'liberal' and 'permissive' standard." *Sacerdote*, 9 F.4th at 115. "This permissive standard is consistent with our 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104) (2d Cir. 2005)). The decision whether to allow an amendment is left to the "broad discretion" of the trial court judge. *See Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000).

The Court should allow 4D to file the Second-Amended Complaint because the amendment is not filed after undue delay, would not result in undue prejudice, nor would it be futile. The Second-Amended Complaint is filed in by the deadline to amend under the current scheduling stipulation. Further, discovery has not closed. In fact, written discovery has just started. And no depositions have been taken. In addition, Defendants would suffer no prejudice. Trial is scheduled for March. And the new claims arise from the transactions between 4D and Neon Machine to transfer the *Shrapnel* IP, and otherwise construct the corporate framework of Neon Machine going forward in exchange for causing Neon Media to transfer the Shrapnel IP. The same nucleus of facts make up 4D's other claims, including fraud and fiduciary claims, promissory estoppel, unjust enrichment, fraudulent transfer, and declarative claims. In other words, this Court will already be asked to adjudicate the result of those actions. So the scope of the litigation won't change. Additionally, the Manager Defendants and Fund Defendants challenged 4D's fiduciary claims in Rule 12 motions by alleging they appeared to be contract claims disguised as torts. ECF No. 14, at 19. 4D disagrees, but now amends to resolve the issue. And last, the amendment is not futile.

The claims are valid, the facts are already before the Court for adjudication, and there is no good reason not to determine all of 4D's rights as it relates to the *Shrapnel* dispute at the same time.

For these reasons, the Court should allow 4D to file the Second-Amended Complaint.

**B. As Javarone, Honour, and Horowitz have compulsory counterclaims, they should be allowed to proceed or they risk losing them.**

The Second-Amended Complaint also includes counterclaims filed on behalf of counterclaimants Cort Javarone, Scott Honour, and Steve Horowitz. Each represent 4D's board seats in Neon Machine. None were parties to this Adversary Proceeding until Defendants brought them in with individual claims against them. ECF Nos. 8 & 9. Now they must assert counterclaims, or risk losing them.

Rule 13(a) requires that a litigant "state as a counterclaim any claim that…arises out of the transaction or occurrence that is the subject matter of the opposing party's claim…"Fed. R. Civ. P. 13(a)(1)(A). A compulsory counterclaim, under most circumstances, must be pleaded or it will be forever barred. *In re Johns-Manville Corp.*, No. 82-11656 (CGM), 2019 WL 6719102, at *9 (Bankr. S.D.N.Y. Mar. 28, 2019) (citing cases). Indeed, this Court has noted, claims arising out of the same underlying facts and circumstances are compulsory under Rule 13(a)(1)(A). *In re Blue Dog at 399 Inc.*, No. 15-10694 (MEW), 2022 WL 527748, at *8 (Bankr. S.D.N.Y. Feb. 22, 2022). And failure to pursue compulsory counterclaims can result in injunctive relief prohibiting the litigant from pursuing the claim in the future. *Id*. (citing cases).

Here, Javarone, Honour, and Horowitz were sued in connection with the *Shrapnel* dispute, specifically for declaratory relief regarding "network launch," that SAFEs converted, and various breaches of fiduciary duty by the Manager Defendants and the Fund Defendants. ECF No. 8 at 36– 56 and 9 at 27–40. All these claims arise out of Javarone, Honour, and Horowitz' actions as board majority of Neon Machine Inc., including their decision to investigate the propriety of transactions

6

purporting to divest 4D's interest in the company. And all three have counterclaims against certain Defendants for the same transactions diluting 4D's interest because they were willful violations of the automatic stay. Javarone also has additional claims unique to him for breach of contract related to Defendants failure to issue him tokens despite their own insistence that the condition precedent to token distribution (network launch) has occurred. Those issues have been raised before this Court but were not formally part of any pleadings. In sum, these are compulsory counterclaims that must be raised now.

For these reasons, the Court should allow Javarone, Honour, and Horowitz the opportunity to pursue compulsory counterclaims against Defendants.

### C. Neon Media LLC should be allowed to join this litigation because determining ownership of the Shrapnel IP is at the heart of this litigation.

Neon Media LLC, an entity wholly owned and managed by 4D, seeks leave to join this litigation as a plaintiff. Its claims relate to the transfer of the *Shrapnel* IP, including the rights and ownership over any tokens, from Neon Media LLC to Neon Machine, Inc. to develop *Shrapnel*. Without question, Neon Media LLC's claims drive to the heart of this case.[7]

Federal Rule of Civil Procedure 19(a) governs mandatory joinders of necessary parties. Specifically, it provides that,

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[7] Indeed, in the Defendant Managers' own filing, Neon Media LLC is central to the facts of this case. The Defendant Managers reference Neon Media LLC no less than 30 times in their filed counterclaims and 27 times in their motion to dismiss. (ECF 8, 14).

7

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a) is made applicable to this Adversary Proceeding by Bankruptcy Rule 7019. "It is well established that a party to a contract which is the subject of the litigation is considered a 'necessary' party." *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2022 WL 16952443, at *12 (Bankr. S.D.N.Y. Nov. 15, 2022) (citing cases). "If the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)." *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 141 (2d Cir. 2002).

Here, Neon Media LLC seeks, among other relief, to rescind the Shrapnel IP, which includes the SHRAP token IP. If rescission occurs, and the Shrapnel IP is returned to Neon Media, every party in this adversary proceeding will have had their rights impacted. Indeed, this adversary proceeding is chiefly focused on ownership of the *Shrapnel* IP.

But the Court need not find Neon Media LLC a necessary party to allow joinder under Federal Rule of Civil Procedure 20(a). Rule 20(a) provides that,

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all plaintiffs will arise in the action.

Rule 20(a) is made applicable to this Adversary Proceeding by Bankruptcy Rule 7020. Again, every Party in this adversary proceeding stakes a claim to SHRAP Tokens. Neon Media LLC's claim is broader than that because it encompasses not only the SHRAP Token IP, but all of the

8

Shrapnel IP. As a result, its claims assert rights arising from the same transaction that all the Parties asserts rights over. And, Neon Media LLC's claim includes questions of law (the legal ownership of SHRAP Tokens) and fact (the occurrences that led to Shrapnel IP being transferred) common to all plaintiffs. Indeed, the questions are common to all Parties.

## CONCLUSION

For these reasons, the 4D Claimants respectfully ask that the Court grant them leave to file the Second-Amended Complaint, which is attached as Exhibit 1.

Dated: August 9, 2024

                              **LAWSON & MOSHENBERG PLLC**
Attorneys for Plaintiff, Cort Javarone, Scott Honour, Steve Horowitz, and Neon Media LLC

By:      */s/ Nick Lawson*
Avi Moshenberg
avi.moshenberg@lmbusinesslaw.com
Nicholas R Lawson
nick.lawson@lmbusinesslaw.com
Telephone: (832) 280-5670

801 Travis Street, Suite 2101 #838
Houston, Texas 77002

9

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on counsel of record via the Court's CM/ECF filing system on August 9, 2024.

                                            */s/ Nick Lawson*
                                              Nick Lawson

## CERTIFICATE OF CONFERENCE

I certify that counsel for the 4D Claimants conferred with counsel for Defendants about the relief requested in this motion, and they are opposed.

                                            */s/ Nick Lawson*
                                            Nick Lawson