**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | : Chapter 11 |
| | : (Subchapter V) |
| 4D FACTORY, INC., *et al.*,[1] | : Case No. 23-11618 (MEW) |
| | : (Jointly Administered) |
| Debtors. | : |

---

| | |
|---|---|
| THE 4D FACTORY LLC and NEON MEDIA LLC, | : |
| | : Adv. Proceeding No. 24-01319 |
| Plaintiffs, | : |
| v. | : **AMENDED STIPULATION AND** |
| | : **[PROPOSED] SCHEDULING ORDER** |
| MARK LONG, *et al.*, | : **REGARDING SECOND AMENDED** |
| Defendants, | : **COMPLAINT, THIRD-PARTY** |
| | : **COMPLAINT, AND ALL** |
| and | : **COUNTERCLAIMS** |
| | : |
| CORT JAVARONE, *et al.*, | : |
| Counterclaimants. | : |

---

| | |
|---|---|
| GRIFFIN GAMING PARTNERS II, L.P., *et al.*, | : |
| Counterclaim-Plaintiffs, | : |
| v. | : |
| THE 4D FACTORY LLC, | : |
| Counterclaim-Defendant. | : |

---

| | |
|---|---|
| GRIFFIN GAMING PARTNERS II, L.P., *et al.*, | : |
| Third-Party Plaintiffs, | : |
| v. | : |
| CORT JAVARONE, *et al.*, | : |
| Third-Party Defendants. | : |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC (8935).

This amended stipulation, agreement and order (the "Stipulation") is entered into by Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, Mark Yeend (collectively, the "Delaware Plaintiffs"); Calvin Zhou; Polychain Ventures II LP and Polychain Ventures II (Parallel) LP (collectively, "Polychain"); Griffin Gaming Partners II, L.P. and Griffin Gaming Partners II Side Fund, L.P. (collectively, "Griffin,"); Pierre-Edouard Planche, Benjamin Perszyk, and Josh Rosenthal (collectively, the "Individual P/G Defendants"); Neon Machine, Inc., (together with the Delaware Plaintiffs, Calvin Zhou, Polychain, Griffin, and the Individual P/G Defendants, the "Neon Machine Parties"); The 4D Factory LLC (the "Debtor");[2] and Cort Javarone, Scott Honour, and Steve Horowitz (together, the "Delaware Defendants," and collectively with the Debtor (the "4D Parties"), and together additionally with the Neon Machine Parties, the "Parties" and each a "Party"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on November 27, 2023, the Delaware Plaintiffs filed an action against the Delaware Defendants and Neon Machine, Inc., as a nominal defendant, in the Court of Chancery of the State of Delaware (the "Delaware Action" before the "Delaware Court").

WHEREAS, on February 22, 2024, the Court held a conference with the Parties regarding, among other things, the Delaware Action, the Parties' various disputes, and the Parties' willingness to undertake consolidated litigation before the Court as offered by the Court. The Parties agreed that it was their preference that their disputes be decided by the Court. During the conference, the Debtor indicated it would be filing an Adversary Proceeding that same day that may also be amenable to resolution in connection with any consolidated litigation. The Court went on to instruct the Parties to confer as to consolidating the Delaware Action and any to-be-filed claims

---

[2] References to the Debtors are to the Debtor and 4D Factory, Inc., collectively.

before the Court and to agree upon a schedule to resolve such claims based on the Court's February 15, 2024 offer. The Debtor filed its *Complaint* (as may be amended, the "Complaint") [Adv. ECF No. 1][3] later that day, and on March 14, 2024, filed its amended *Complaint*, asserting claims against the Delaware Plaintiffs, Calvin Zhou, Griffin, Polychain, and the Individual P/G Defendants, as well as Neon Machine, Inc., Argon Protocol Foundation, and Argon Asset Ventures Corp., as nominal defendants.

WHEREAS, on March 26, 2024, (i) Griffin and Polychain asserted claims against the Delaware Defendants and the Debtor in a combined Third-Party Complaint and Counterclaim (the "Investors' Complaint"); and (ii) the Delaware Plaintiffs and Calvin Zhou filed claims against the Delaware Defendants and the Debtor in a combined Third-Party Complaint and Counterclaim (the "Founders' Complaint").

WHEREAS, on March 29, 2024, Delaware Plaintiffs and Calvin Zhou filed a motion to dismiss (the "MTD") the Complaint.

WHEREAS, on April 15, 2024, the Parties entered into a stipulation amending certain deadlines in the Adversary Proceeding while the Parties discussed a potential consensual resolution of the issue of Network Launch, which stipulation was so-ordered by this Court, *see* [Adv. ECF No. 25].

WHEREAS, on April 22, 2024, after reaching a consensual resolution in principle regarding the issue of Network Launch and certain related matters, and in order to effectuate the agreement in principle, the Parties entered a third stipulation staying the Adversary Proceeding and all deadlines therein, including deadlines related to discovery, until the earlier of April 30,

---

[3] References to Adv. ECF No. are to the above-captioned Adversary Proceeding.

3

2024 or the filing of a notice by any Party that it seeks to lift the stay, see [Adv. ECF No. 28] (collectively with Adv. ECF Nos. 7 and 25, the "Scheduling Stipulations").

WHEREAS, on April 26, 2024, the Debtors filed a *Motion for an Order Authorizing the Debtors and Neon Parties' Limited Agreement Over Network Launch* [ECF No. 94] (as amended at ECF No. 95, the "9019 Motion"), reflecting a consensual resolution between the Parties, and a *Motion to Schedule Expedited Hearing and Shorten Notice for Motion for an Order Authorizing the Debtors and Neon Parties' Limited Agreement Over Network Launch* [ECF No. 96].

WHEREAS, on May 13, 2024, the Court entered an *Order Granting Motion and Approving the Debtors and Neon Parties' Limited Agreement Over Network Launch* [Adv. ECF No. 37], granting the 9019 Motion.

WHEREAS, on August 2, 2024, following efforts to consensually resolve the Parties' disputes, which efforts were ultimately unsuccessful, the Parties entered into a stipulation amending certain deadlines in the Adversary Proceeding, which stipulation was so-ordered by this Court, *see* [Adv. ECF No. 44] (the "Scheduling Order").

WHEREAS, pursuant to the Scheduling Order, on August 9, 2024, the Debtor, the Delaware Defendants, and Neon Media filed a *Motion to Amend* [Adv. ECF No. 45] ("Motion to Amend"), seeking leave to file a Second Amended Complaint, attached to the Motion to Amend as Exhibit 1, on behalf of the Debtor, counterclaims on behalf of the Delaware Defendants, and an original Complaint on behalf of Neon Media (the "SAC").

WHEREAS, paragraphs 2, 3, and 4 of the Scheduling Order provide deadlines regarding the Motion to Amend (¶ 2), the filing of responsive pleadings to any SAC (¶ 3), and the filing of responsive pleadings to the Investors' Complaint and the Founders' Complaint (¶ 4).

WHEREAS, the Parties conferred regarding the Motion to Amend and the Scheduling Order, and the Parties have agreed upon certain revisions to the SAC and to paragraphs 2, 3, and 4 of the Scheduling Order, subject to the Court's approval, and

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGEND, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1. The Neon Machine Parties consent to the filing of the proposed SAC and do not oppose the relief sought in the Motion to Amend, subject to the striking from the SAC of paragraphs 264 through 276 (and all headers related thereto), and sub-paragraphs (16) and (17) of the Conclusion and request for judgment at (internal) pages 86 through 89 of the SAC, such that Counts XVI and XVII (collectively, the "4D Investor Counterclaims") are removed and dismissed from the proposed SAC, and the 4D Parties consent to such revisions to the SAC (the "Revised SAC").

2. Upon consent of the Neon Machine Parties, the 4D Parties shall file the Revised SAC (without any 4D Investor Counterclaims) on or before September 3, 2024, and the Revised SAC shall otherwise be identical to the proposed SAC that was attached as Exhibit 1 to the Motion to Amend.

3. The deadlines provided in paragraph 2 of the Scheduling Order are hereby adjourned, and no hearing will be held on the Motion to Amend on September 12, 2024.

4.      The deadlines in paragraphs 3 and 4 of the Scheduling Order are hereby adjourned and amended such that all responsive pleadings to the Revised SAC, the Investors' Complaint, and the Founders' Complaint shall be filed on or before September 30, 2024.

5.      The deadlines provided in the remainder of the Scheduling Order continue to govern the Parties' obligations thereunder.

**IN WITNESS WHEREOF**, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: August 27, 2024

By: *Nicholas A. Bassett*
Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C. 20036
Telephone:    (202) 551-1902
Email:  nicholasbassett@paulhastings.com

Justin Rawlins
Edward Han
Timothy D. Reynolds
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, 27th Floor
Century City, California 90067
Telephone:    (310) 620-5700
Facsimile:    (310) 620-5899
Email:  justinrawlins@paulhastings.com
          edwardhan@paulhastings.com
          timothyreynolds@paulhastings.com

*Counsel to Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, Mark Yeend, Calvin Zhou, Pierre-Edouard Planche, Benjamin Perszyk, Josh Rosenthal, Polychain Ventures II LP, Polychain Ventures II (Parallel) LP, Griffin Gaming Partners II, L.P., and Griffin Gaming Partners II Side Fund, L.P.*

By:   *Avi Moshenberg*
Nick R. Lawson
Avi Moshenberg
**LAWSON & MOSHENBERG PLLC**
Telephone: (713) 449-9644
Email: nick.lawson@lmbusinesslaw.com
avi.moshenberg@lmbusinesslaw.com

*Counsel for The 4D Factory, LLC, Cort Javarone, Scott Honour, Steve Horowitz, and Neon Media LLC*

7

**SO ORDERED**

Dated: August __, 2024
      New York, New York

                                                    _____
                                                    THE HONORABLE MICHAEL E. WILES
                                                    UNITED STATES BANKRUPTCY JUDGE