UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re:                                                               :   Chapter 11
                                                                     :   (Subchapter V)
4D FACTORY, INC., *et al.*,[1]                                       :   Case No. 23-11618 (MEW)
                                                                     :   (Jointly Administered)
                                  Debtors.                           :
---------------------------------------------------------------------x
THE 4D FACTORY LLC and NEON MEDIA LLC,                               :
                                                                     :
                                                                     :   Adv. Proceeding No. 24-01319
                                  Plaintiffs,                        :
v.                                                                   :   **THE 4D FACTORY'S PARTIAL MOTION**
                                                                     :   **TO DISMISS UNDER FED. R. CIV. P.**
MARK LONG, *et al.*,                                                 :   **12(B)(1) AND 12(B)(6)**
                                  Defendants,                        :
                                                                     :
and                                                                  :
                                                                     :
CORT JAVARONE, *et al.*,                                             :
                                  Counterclaimants.                  :
---------------------------------------------------------------------x
                                                                     :
GRIFFIN GAMING PARTNERS II, L.P., *et al.*,                          :
                                                                     :
                                  Counterclaim-Plaintiffs,           :
v.                                                                   :
                                                                     :
THE 4D FACTORY LLC,                                                  :
                                  Counterclaim-Defendant.            :
---------------------------------------------------------------------x
                                                                     :
GRIFFIN GAMING PARTNERS II, L.P., *et al.*,                          :
                                                                     :
                                  Third-Party Plaintiffs,            :
v.                                                                   :
                                                                     :
CORT JAVARONE, *et al.*,                                             :
                                  Third-Party Defendants.            :
---------------------------------------------------------------------x

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are 4D Factory Inc. (6770), and The 4D Factory LLC (8935).

# Table of Contents

Legal Standard .................................................................................................................... 1

Arguments and Authorities ............................................................................................... 2

I. Claims 1–7 and 13 should be dismissed for lack of subject-matter jurisdiction. ...................... 3

   A. Claims 1–3 should be dismissed because the harm they're based on is now moot. ............ 3

   B. Claim 4 should be dismissed because it fails to establish an actual and existing case or controversy. ................................................................................................................. 5

   C. The Court should dismiss Claims 5–7 because the injunctive relief sought is now moot. .. 6

   D. The Court should dismiss Claim 13 for lack of a case or controversy given that the SHRAP Tokens were never distributed to 4D. ................................................................. 7

II. Claims 10, 12, and 13 also fail to state claims for which relief can be granted and should therefore be dismissed under Rule 12(b)(6). ................................................................. 8

   A. The Court should dismiss Claim 10 because the Manager Defendants failed to plead how they relied on any allegedly fraudulent representation. ....................................... 8

   B. The Court should dismiss Claim 12 because it fails to plead the absence of justification and relies on mere conclusory allegations. ........................................................... 9

   C. The Court should dismiss Claim 13 because it fails to allege elements of unjust enrichment. ................................................................................................................. 11

Conclusion ........................................................................................................................11

# Table of Authorities

**Cases**

*ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*,
　485 F.3d 85 (2d Cir. 2007) ............................................................................................... 3

*Adams v. King Cnty.*,
　164 Wash. 2d 640, 192 P.3d 891 (2008) ......................................................................... 9

*Already, LLC v. Nike, Inc.*,
　568 U.S. 85 (2013) ........................................................................................................... 8

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ..................................................................................................... 1, 2

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ......................................................................................................... 1

*Blackwater v. Safnauer*,
　866 F.2d 548 (2d Cir. 1989) ............................................................................................ 3

*Church of Scientology v. United States*,
　506 U.S. 9 (1992) ............................................................................................................. 3

*Cruz v. AAA Carting & Rubbish Removal, Inc.*,
　116 F. Supp. 3d 232 (S.D.N.Y. 2015) ............................................................................. 1

*Deakins v. Monaghan*,
　484 U.S. 193 (1988) ......................................................................................................... 3

*E.R. Squibb & Sons, Inc. v. Lloyd's & Co.*,
　241 F.3d 154 (2d Cir. 2011) ............................................................................................ 4

*Goldemberg v. Johnson & Johnson Consumer Companies*,
　8 F.Supp. 3d 467 (S.D.N.Y. 2014) ................................................................................ 10

*Harris v. Mills*,
　572 F.3d 66 (2d Cir. 2009) ............................................................................................ 10

*In re Moxey*,
　522 B.R. 428 (E.D.N.Y. Bankr. Nov. 25, 2014) ............................................................. 2

*LeBlanc v. Cleveland*,
　198 F.3d 353 (2d Cir. 1999) ............................................................................................ 1

*Lujan v. Defenders of Wildlife*,
　504 U.S. 555 (1992) ......................................................................................................... 8

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ............................................................................................... 1

*McBryde v. Comm. to Review*,
    264 F.3d 52 (D.C. Cir. 2001) ............................................................................................. 3

*Nemec v. Shrader*,
    991 A.2d 1120 (Del. 2010) ........................................................................................... 7, 11

*Nwauzor v. The Geo Grp., Inc.*,
    540 P.3d 93 (Wash. 2023) ............................................................................................ 7, 11

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*,
    712 F.3d 705 (2d Cir. 2013) ............................................................................................... 2

*Preiser v. Newkirk*,
    422 U.S. 395 (1975) ........................................................................................................... 3

*Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*,
    358 F. Supp. 3d 279 (S.D.N.Y. 2019) ............................................................................... 3

*Trifecta Multimedia Holdings Inc. v. WCG Clinical Servs. LLC*,
    318 A.3d 450 (Del. Ch. 2024) ........................................................................................... 9

*Yesa LLC v. RMT Howard Beach Donuts, Inc.*,
    222 F. Supp. 3d 181 (E.D.N.Y. 2016) ............................................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 1, 2, 11

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 2, 12

Fed. R. Civ. P. 12(h)(3) ......................................................................................................... 1

Fed. R. Civ. P. 9(b) ......................................................................................................... 2, 10

The 4D Factory LLC and defendants Cort Javarone, Steve Horowitz, and Scott Honour (collectively the "4D Parties") move to dismiss the claims asserted against them by Defendants Mark Long, Colin Foran, Naomi Lackaff, Aaron Nonis, Don Norbury, Mark Yeend, and Calvin Zhou (the "Manager Defendants") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court should enter the order attached as Exhibit A, dismissing Counts 1–7, 10, 12 and 13.

## LEGAL STANDARD

Under Rule 12(b)(1), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A Rule 12(h)(3) motion to dismiss applies the same standards.[2] "A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."[3] "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."[4] "[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits."[5]

To survive a 12(b)(6) motion, which applies under Bankruptcy Rule 7012, the Complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[2] *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015).
[3] *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).
[4] *Id.*
[5] *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007)).

1

suffice" to state a claim.[7] Rather, the complaint must allege more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"; courts are "not bound to accept as true a legal conclusion couched as a factual allegation."[8]

Fraud and claims sounding in fraud invoke heightened pleading standards under Rule 9(b).[9] Rule 9(b) requires that fraud allegations be pleaded with "particularity," including with specific facts regarding "the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentation."[10]

## Arguments and Authorities

The Court should dismiss Claims 1–7, 10, 12, and 13. These claims fall into two buckets that warrant dismissal. The first bucket (Claims 1–7 and 13) are claims where the Court lacks subject-matter jurisdiction because no actual controversy exists. That is, the pleaded relief seeks to fix harms that don't exist and couldn't reasonably be expected to occur in the future—meaning they should be dismissed under Rule 12(b)(1). The second bucket (Claims 10, 12, and 13) comprise claims with traditional Rule 12(b)(6) deficiencies—*i.e.* where the Manager Defendants have failed to state claims for which relief can be granted. 4D addresses each of these buckets in turn.

---

[7] *Iqbal*, 556 U.S. at 678.

[8] *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

[9] *See Yesa LLC v. RMT Howard Beach Donuts, Inc.*, 222 F. Supp. 3d 181, 188 (E.D.N.Y. 2016).

[10] *In re Moxey*, 522 B.R. 428, 438 (E.D.N.Y. Bankr. Nov. 25, 2014).

**I. Claims 1–7 and 13 should be dismissed for lack of subject-matter jurisdiction.**

Under Article III of the Constitution, federal courts are limited to "the adjudication of actual, ongoing controversies between litigants."[11] Federal courts cannot "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."[12]

Courts consider subject-matter jurisdiction on a claim-by-claim basis.[13] A claim should be dismissed as moot when, because of changed circumstances, "the parties have no 'legally cognizable interest' or practical 'personal stake' in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties."[14] The requirement of a live case or controversy exists throughout the litigation and "[i]f events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot."[15] Through this lens, Claims 1–7 and 13 should be dismissed.

**A. Claims 1–3 should be dismissed because the harm they're based on is now moot.**

Claims 1–3 should be dismissed because they're based on harm that's now moot. In May 2024, the parties reached a partial settlement.[16] That settlement stipulated that Network Launch occurred (for settlement purposes) and lifted the automatic stay to facilitate the conversion of the

---

[11] *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). As recognized by the Second Circuit, "[m]ootness is a jurisdictional matter" relating to Article III's mandate that "federal courts hear only 'cases' or 'controversies.'" *Blackwater v. Safnauer*, 866 F.2d 548, 550 (2d Cir. 1989) (*citing Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

[12] *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

[13] *See Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 358 F. Supp. 3d 279, 282 (S.D.N.Y. 2019).

[14] *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007).

[15] *McBryde v. Comm. to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001).

[16] *See* ECF 95 (9019 Motion re Network Launch).

SAFEs and Neon Machine's resulting corporate-governance changes.[17] In so doing, the partial settlement mooted the Manager Defendants' first three claims. Those claims seek a declaratory judgment (1) that Network Launch occurred, (2) that the SAFEs converted to preferred shares, and (3) that the automatic stay doesn't apply to issuing preferred shares and related corporate-governance changes.[18]

All three are now moot. Neon Machine amended its corporate documents to enable the conversion of SAFEs to preferred stock and the SAFEs were converted.[19] 4D's ownership percentage is now below 50%.[20] Neon Machine's board is no longer occupied by any directors nominated by 4D.[21] And the Court granted for partial relief from the automatic stay to allow for Neon Machine to carry out the conversion and related corporate actions.[22] As the Court knows, declaratory-judgment actions require a "case or controversy" and the party seeking the declaratory judgment must prove subject-matter jurisdiction.[23] And here Claims 1 and 2 no longer settle the uncertainty of the Neon Machine board composition because that uncertainty was resolved already. Likewise, Claim 3's request to essentially lift the automatic stay to allow corporate-governance changes resulting from Network Launch is no longer necessary because that also happened already. So today, there's no uncertainty about the parties' respective legal

---

[17] *Id.*
[18] ECF No. 8 at ¶¶ 121–137.
[19] *See* Declaration of Cort Javarone in Support of 4D's Partial Motion to Dismiss at ¶ 5.
[20] *Id.* at ¶ 6.
[21] *Id.* at ¶ 7.
[22] *See* ECF No. 37.
[23] *E.R. Squibb & Sons, Inc. v. Lloyd's & Co.*, 241 F.3d 154, 177 (2d Cir. 2011).

positions as they relate to the harms alleged in Claims 1–3.[24] Because the only harms alleged by the Manager Defendants are gone, Claims 1–3 should be dismissed.

**B. Claim 4 should be dismissed because it fails to establish an actual and existing case or controversy.**

Claim 4 should suffer a similar fate. Claim 4 seeks a declaratory judgment as to whether 4D Factory owns Neon Machine stock. That is, the Manager Defendants seek the Court to determine the parties' rights so the Manager Defendants can understand whether 4D has a right to participate in shareholder votes or to appoint any member to Neon's Board.[25] Neither of these supposed harms rises to the level of an actual case or controversy.

As to the first, Neon Machine did not allege any present or reasonably foreseeable need for a shareholder vote, a distribution, or any other activity that would reasonably require a determination of 4D's ownership interest. Indeed, to Javarone's knowledge, Neon Machine has never held a shareholder vote in the company's entire history.[26] Nor would a judicial determination today inform any party as to 4D's (or any other shareholder's) ownership percentage at some unknown point in the future, if a shareholder vote or distribution is ever required. After all, ownership percentages may change between now and then. The academic debate the Manager Defendants invite here may be proper for a moot court but not an actual one. Mere theoretical harms are not ripe to invoke subject-matter jurisdiction.

As to the second supposed basis, a declaratory judgment about share ownership would not resolve any existing dispute about whether 4D was entitled to appoint a director to the board.

---

[24] *See* ECF No. 95 at Ex. A; *see also* Adv. ECF No. 37. To avoid any doubt, the 4D Parties do not agree that Network Launch occurred in April 2023 for any purposes of this litigation besides the limited purpose set forth in the 9019 Motion.

[25] ECF 8 at ¶ 146.

[26] *See* Javarone Decl. at ¶ 8.

Importantly, the Manager Defendants did not (and could not) allege that 4D's right to nominate its board members flowed from 4D's share ownership. Under the SAFEs, only two of 4D's three seats were designated for "nominees of the holders of Common Stock (initially Mark Long and Jonathan Miller)."[27] The SAFEs do not tie 4D's remaining seat to share ownership, stating merely that "**One director shall be nominated by 4D Factory** and acceptable to Griffin."[28]

The Court's relief from the automatic stay granted Neon Machine holders of common or preferred shares the ability to elect new directors.[29] Horowitz and Honour, the two directors who sat in the positions designated by holders of common stock, are no longer directors.[30] Neither is Javarone.[31] 4D has only one director position (currently unfilled) on the Neon Machine board.[32] As illustrated by the above language from the 2021 SAFE, 4D's right to nominate that director was not tied to its share ownership. So no rights would be clarified by a declaratory judgment determining whether 4D owns Neon Machine shares. That reality coupled with the fact that the only harms alleged for this claim are moot given the present conditions at Neon Machine, there's no actual dispute. This claim should therefore be dismissed too.

### C. The Court should dismiss Claims 5–7 because the injunctive relief sought is now moot.

The Court can apply the same logic to Claims 5–7, which seek injunctive relief.[33] Claim 5 alleges that the 4D Directors improperly entrenched themselves on the Board.[34] Claim 6

---

[27] *See* ECF No. 8-1 at p. 11.
[28] *Id*. (Emphasis added.)
[29] ECF No. 37 at ¶ 8.
[30] Javarone Decl. at ¶ 7.
[31] *Id*.
[32] *Id*.
[33] ECF No. 8 at ¶¶ 148–174.
[34] *Id*.

alleges a hodge-podge of harms related to Network Launch and control of the Neon Machine board.[35] Claim 7 complains about Mark Long being suspended from his CEO role.[36]

As covered already, none of the grounds for seeking injunctive relief exist anymore. The SAFEs converted to preferred shares.[37] 4D's ownership interest was diluted to a minority stake.[38] Mark Long was reinstated as CEO.[39] And none of the 4D Directors are currently seated on Neon Machine's Board.[40] Given that 4D doesn't presently control the board and is now a minority shareholder, 4D couldn't possibly take any of the actions alleged in Claims 5–7. These claims are therefore moot and should be dismissed.

   D. **The Court should dismiss Claim 13 for lack of a case or controversy given that the SHRAP Tokens were never distributed to 4D.**

Perhaps no claim exemplifies the type of theoretical issue that courts refuse to indulge for lack of a case or controversy more than Claim 13. Claim 13 is an unjust-enrichment claim premised on 4D receiving 60% of the SHRAP Tokens held by the Manager Defendants. Unjust enrichment necessarily requires an *enrichment*.[41] But no such enrichment occurred here because 4D never received any tokens held by the Manager Defendants.[42] Nor is there a risk that 4D could cause Neon Machine to distribute those SHRAP Tokens because 4D doesn't have any

---

[35] *Id*.

[36] *Id*.

[37] *See* Javarone Dec. at ¶ 5.

[38] *Id*. at ¶ 6.

[39] *Id*.

[40] *Id*. at ¶ 7.

[41] *See Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010). Undertaking a choice of law analysis at this stage is unnecessary because an enrichment or benefit is required under any reasonably likely state law. *See, e.g., Nwauzor v. The Geo Grp., Inc.*, 540 P.3d 93, 104 (Wash. 2023) (describing elements of unjust enrichment to include a benefit conferred upon the defendant).

[42] *See* Javarone Decl. at ¶ 9.

7

directors on Neon Machine's board—much less a majority—and 4D is not a majority shareholder.[43] Once it's "'absolutely clear' that challenged conduct cannot 'reasonably be expected to recur,' [] the fact that some individuals may base decisions on conjectural or hypothetical speculation does not give rise to the sort of concrete and actual injury necessary to establish Article III standing."[44] Because the only harm alleged by Manager Defendants never actually occurred and is not reasonably likely to occur in the future, the claim is moot and must be dismissed.

## II. Claims 10, 12, and 13 also fail to state claims for which relief can be granted and should therefore be dismissed under Rule 12(b)(6).

The Court should also dismiss Claims 10, 12, and 13 for failure to state a claim. Claim 10 alleges fraud but fails to plead how the Manager Defendants relied on any supposedly fraudulent representations. Claim 12 fails because the Manager Defendants failed to specify what false statement 4D allegedly made—choosing instead to resort to conclusory labels without any underlying factual allegations. Finally, Claim 13 for unjust enrichment fails because the Manager Defendants fail to allege (let alone support) how 4D was actually enriched.

### A. The Court should dismiss Claim 10 because the Manager Defendants failed to plead how they relied on any allegedly fraudulent representation.

A misrepresentation cannot be a fraud if it was never relied on. The Manager Defendants' Claim 10 is a derivative fraud claim.[45] As the Court knows, fraud must be pleaded with particularity.[46] A claim for fraud requires proof of reasonable reliance by the plaintiff on the

---

[43] Javarone Decl. at ¶¶ 6–7.
[44] *Already, LLC v. Nike*, Inc., 568 U.S. 85, 97 (2013), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
[45] *See* ECF No. 8 at ¶ 214.
[46] *See* Fed. R. Civ. P. 9.

8

representation.⁴⁷ Yet the Manager Defendants never allege that Neon Machine relied on any of the allegedly false statements cited in their complaint.⁴⁸ This is not semantics. Of course 4D denies making any misrepresentations. But to this day, 4D remains clueless as to how the Manager Defendants relied on any of the fraudulent misrepresentations 4D allegedly made. The rules entitle 4D to have notice of what facts trigger the fraud claim against them. But as pleaded, there's no allegation of reliance—meaning the Manager Defendants are not entitled to relief. Claim 10 should therefore be dismissed.

    **B. The Court should dismiss Claim 12 because it fails to plead the absence of justification and relies on mere conclusory allegations.**

The Court should likewise dismiss Claims 12. Claim 12 is an unjust-enrichment claim that fails to state a claim in two ways. First, it fails to allege the absence of justification.⁴⁹ The absence of justification is a required element for unjust enrichment under Delaware law.⁵⁰ Washington applies a similar concept, focusing on the circumstances that would make it inequitable for the defendant to retain the benefit without paying value.⁵¹ And here the claim fails to allege facts supporting the conclusion that an *unjust* enrichment occurred.

Specifically, Claim 12 asserts that 4D and the 4D Directors benefited from receiving coverage under a Neon Machine insurance policy.⁵² How this amounts to an *unjust* enrichment is a mystery. After all, the Manager Defendants aren't claiming that the 4D Directors were not

---

⁴⁷ *See Trifecta Multimedia Holdings Inc. v. WCG Clinical Servs. LLC*, 318 A.3d 450, 463 (Del. Ch. 2024); *see also Adams v. King Cnty.*, 164 Wash. 2d 640, 662, 192 P.3d 891, 902 (2008).
⁴⁸ *See* ECF No. 8 at ¶¶ 214–220.
⁴⁹ *See* ECF No. 8 at ¶¶ 226–231.
⁵⁰ *See Nemec*, 991 A.2d at 1130.
⁵¹ *See Nwauzor*, 540 P.3d at 104.
⁵² ECF No. 8 at ¶ 230.

9

entitled to coverage under the policy. Just the opposite, the Complaint *admits* that the Neon Machine minority shareholders sued the 4D Directors in their roles as Neon Machine directors.[53] So as pleaded, Claim 12 wouldn't entitle the Manager Defendants to relief because 4D may have been justified in receiving coverage under the policy. Or as Washington law would describe it, the Manager Defendants have not pleaded facts that would render 4D's receipt of insurance coverage inequitable under the circumstances.

Second, Claim 12 relies on a conclusory allegation that the defendants "made a false claim to Neon's insurance carrier…."[54] Without alleging underlying facts to support this conclusion, the pleading is deficient. That's because "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[55] Even so, the Manager Defendants offer nothing beyond the conclusory allegation that the claim was, in some undisclosed way, false. This pleading is deficient.

It's especially deficient because the alleged wrongdoing—making a "false claim"—sounds in fraud. So the Manager Defendants needed to meet the elevated pleading standards of Rule 9(b).[56] A complaint must satisfy the particularity requirement of Rule 9(b) where an alleged unjust enrichment is premised on fraudulent acts.[57] Rule 9(b) requires that the complaint "state with particularity the circumstances constituting fraud." Given that the entirety of the claim appears to be based on the conclusory assertion that the insurance claim was somehow false, it falls short of Rule 9(b)'s pleading requirements and should be dismissed.

---

[53] *Id*. at ¶ 150 (asserting breach of fiduciary duty claims against the 4D Directors based on duties owed "as directors" of Neon Machine).

[54] Complaint at ¶ 228.

[55] *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (brackets and internal quotation marks omitted).

[56] Fed. R. Civ. P. 9(b).

[57] *Goldemberg v. Johnson & Johnson Consumer Companies*, 8 F.Supp. 3d 467, 483 (S.D.N.Y. 2014).

C. **The Court should dismiss Claim 13 because it fails to allege elements of unjust enrichment.**

The same can be said for Claim 13. Claim 13 alleges unjust enrichment apparently from 4D Factory's efforts to obtain Plaintiffs' SHRAP Tokens.[58] But this cannot be a valid claim for unjust enrichment because the claim fails to allege that 4D was actually enriched. Enrichment is, axiomatically, an element of unjust enrichment.[59] Yet Claim 13 does not allege that 4D actually obtained any tokens.[60] Without any allegation of actual enrichment, this claim should be dismissed.

Even if the Manager Defendants had pleaded an enrichment, they've also failed to plead how the enrichment would be unjust. An unjust-enrichment claim must establish circumstances under which it would be inequitable for 4D to retain the benefit or, stated differently, the absence of justification.[61] Claim 13 makes no such allegation. The claim merely concludes that the defendants acted in concert for 4D to obtain 60% of Plaintiffs' SHRAP tokens. But it doesn't include anything remotely related to some type of wrongdoing or mistake. Without factual allegations to support those elements of the unjust-enrichment claim, Claim 13 must be dismissed too.[62]

## CONCLUSION

For these reasons, 4D Factory and the 4D Directors respectfully ask that the Manager Defendants' Claims 1–7, and 13 be dismissed under Rule 12(b)(1) for lack of subject-matter

---

[58] *See* ECF No. 8 at ¶¶ 232–238.
[59] *See Nemec*, 991 A.2d at 1130; *see also Nwauzor*, 540 P.3d at 104.
[60] *See* ECF No. 8 at ¶¶ 232–238.
[61] *See Nemec*, 991 A.2d at 1130; *Nwauzor*, 540 P.3d at 104.
[62] This Rule 12(b)(6) basis is in the alternative to the 12(b)(1) subject-matter jurisdiction claim.

jurisdiction. And they respectfully request that Claims 10, 12 and 13 be dismissed under Rule 12(b)(6) for failure to state a claim.

Dated: September 30, 2024　　　　　　　　　　**LAWSON & MOSHENBERG PLLC**

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff, Cort Javarone, Scott Honour, Steve Horowitz, and Neon Media LLC

　　　　　　　　　　　　　　　By:　*/s/ Nicholas R. Lawson*　　　　　
　　　　　　　　　　　　　　　　　　Avi Moshenberg
　　　　　　　　　　　　　　　　　　avi.moshenberg@lmbusinesslaw.com
　　　　　　　　　　　　　　　　　　Nicholas R. Lawson
　　　　　　　　　　　　　　　　　　nick.lawson@lmbusinesslaw.com
　　　　　　　　　　　　　　　　　　Telephone: (832) 280-5670
　　　　　　　　　　　　　　　　　　801 Travis Street, Suite 2101 #838
　　　　　　　　　　　　　　　　　　Houston, Texas 77002

Roslyn, New York

　　　　　　　　　　　　　　　　　　**SPENCE LAW OFFICE, P.C.**
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　Robert J. Spence, Esq.
　　　　　　　　　　　　　　　　　　55 Lumber Road, Suite 5
　　　　　　　　　　　　　　　　　　Roslyn, New York 11576
　　　　　　　　　　　　　　　　　　Tel.: (516) 336-2060

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on counsel of record via the Court's CM/ECF filing system on September 30, 2024.

　　　　　　　　　　　　　　　　　　*/s/ Nicholas R. Lawson*　　　　
　　　　　　　　　　　　　　　　　　　　Nicholas R. Lawson